[No. 2487.]

## THE SHILLING MERCANTILE COMPANY v. ELLIOTT.

**1.  Appellate Practice—Abstract of Record.**

Where the abstract of record does not show that any evidence was offered and excluded, nor that any evidence admitted was objected or excepted to, nor any exception preserved in relation to any such testimony, nor that any objection or exception in any form was interposed to any instruction, assignments of error based on the exclusion or admission of testimony, or to instructions given, will not be considered.

**2.  Instructions—Verdicts—Harmless Error.**

Where the jury returned a unanimous verdict, an instruction that five of the number of a jury of six might return a verdict was harmless error.

*Appeal from the District Court of Teller County.*

Mr. W. O. TEMPLE and Mr. S. D. CRUMP, for appellant.

Mr. J. M. PALMER and Mr. L. E. KENWORTHY, for appellee.

Mr. GEORGE Q. RICHMOND, of counsel.

THOMSON, P. J.

The appellee brought this action to recover for personal injuries which she alleged she received in consequence of the negligent leaving open by the appellant of a manhole in the sidewalk in front of its premises, and into which, without fault on her part, she fell. The case was tried by a jury, and a verdict returned in her favor, upon which judgment was entered.

Error is assigned to the alleged exclusion by the court of competent, material and proper testimony offered by the appellant; to the alleged admission

by the court of improper, incompetent and irrelevant testimony offered by the appellee, duly objected and excepted to at the time; to instructions 1 and 2 given by the court to the jury; to an alleged instruction that a less number than the entire jury could return a verdict; and to the overruling of appellant's motion for a new trial.

The abstract of the record furnished to us by the appellant does not show that any evidence of any kind offered by the appellant was excluded; it does not show that any objection was taken to any testimony offered by the appellee, nor any exception preserved in relation to any such testimony; and it does not show that any objection or exception in any form was interposed to any instruction. It is proper, however, that the following instruction should receive some attention, notwithstanding it was given by tacit consent:

"Your verdict should be signed by one of your number as foreman, unless you are unable to agree, and in such case any five may agree and return a verdict, but in that case your verdict should be signed by the entire five who so agree."

In so far as the foregoing instruction authorized the return of a verdict by a portion only of the jury, it conformed to a statute previously enacted, but which was adjudged unconstitutional by the supreme court.—*Denver v. Hyatt*, 28 Colo. 129. The abstract does not contain the verdict or indicate its character; but upon referring to the transcript, we find it was unanimous, and was signed by the foreman. In *Adams Express Company v. Aldridge, ante,* p. 74, we had occasion to consider the precise question which the record before us presents, and held that where the jury disregarded an instruction authorizing a portion of their number to return a verdict, and followed the law by returning a unanimous verdict,

the erroneous instruction was productive of no injury to the rights of either of the parties, and hence could not be made the subject of complaint.

The ruling on the motion for a new trial is not alluded to in the argument, and objection to it is therefore waived.    *Affirmed.*